```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

```
FELICIA NICOLE JONES,           §
                                §
     Plaintiff,                 §
                                §
v.                              §   Civil Action No. H-12-1909
                                §
PLUS 4 CREDIT UNION,            §
                                §
     Defendant.                 §
```

**AMENDED MEMORANDUM AND RECOMMENDATION**

Plaintiff, Felicia Jones, filed the present action on June 22, 2012. She was granted in forma pauperis status several days later.[1] On August 13, 2012, a preclusion order was entered against Ms. Jones based on her conduct in another suit, Jones v. United States Postal Service, H-11-566.[2] Based on that preclusion order, the court undertook a review of the allegations made in the present case. Finding the complaint confusing, the court held a hearing to discuss with Ms. Jones the nature of her allegations against Defendant credit union.

As the court understands it, Ms. Jones had an account at Defendant credit union for many years. At some time in the early

---

[1] Doc. 2. Notice to Pauper of Case Opening.

[2] See Doc. 90, Preclusion Order. Ms. Jones has filed numerous lawsuits in this district: Jones v. Louis Vuitton, 4:12mc465 (IFP denied, on appeal); Jones v. United States Postal Service, 4:09mc465 (IFP denied; on appeal); Jones v. Greenway Mercedes Benz of Houston, 4:12cv2367 (pending); Jones v. Mazda North American Operations, 4:11cv2681 (dismissed for want of prosecution); Jones v. Mazda North American Operations, 4:11cv2740 (dismissed as duplicative of another lawsuit; on appeal); Jones v. Citimortgage, Inc.,4:11mc376 (dismissed for want of jurisdiction; on appeal); Jones v. Toll Brothers 4:12cv2114 (closed pending appeal of denial of IFP in 4:12mc337).

2000's, and maybe as recently as 2006, Ms. Jones attempted to deposit a $50,000,000 sweepstakes check into her account. The bank took the check, did not credit her account in the amount of $50,000,000 and refused to return the check to her. Also around the same time, Ms. Jones attempted to deposit a $500,000 sweepstakes check and a $50,000 sweepstakes check into her account. On both occasions, the credit union did not credit her account with those deposits and refused to return the checks to her.

The credit union's lawyer informed the court that his research into this matter revealed that at some undetermined time in the past, Ms. Jones did try to negotiate at least one "sweepstakes check" but the "check" stated on its face that it was not a negotiable instrument. He had no explanation why the check was not returned to Ms. Jones.

More recently, in March 2012, a $1,950 check drawn on the Chase Bank account of Jason Victorino was deposited into Ms. Jones' account. Ms. Jones avers that she did not deposit that check into her account. That check was found to be insufficient and Ms. Jones' account was debited in the amount of $1,950 several days after the check was deposited. This resulted in several overdrafts on Ms. Jones' account. Eventually the credit union closed her account because Ms. Jones refused to pay the overdrafts. Ms. Jones believes that this conduct is a violation of the Privacy Act of

1974, 5 U.S.C. § 552a.[3] Ms. Jones also insisted that the court had jurisdiction over this matter because she believes that Mr. Victorino is a federal employee working for the U.S. Department of Treasury. She seeks $50,551,950 in damages.

Under 28 U.S.C. § 1915(e), a pauper's complaint shall be dismissed if it is frivolous or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii). If the case fits within either of these categories, the court has the discretion to dismiss the case sua sponte. See United States v. Pineda-Arrellano, 492 F.3d 624, 628 (5th Cir. 2007).

A complaint is frivolous if it lacks an arguable basis in law or fact. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001)(citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)). In making this determination, the court liberally construes Plaintiff's complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(holding that a pro se complaint must be held to less stringent standards).

Despite the fact that Plaintiff is proceeding pro se, pursuant to Federal Rule of Civil Procedure 8(a)(2), Plaintiff must also provide a "short and plain statement of the claim showing that the pleader is entitled to relief." See Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007)(holding that a complaint may be dismissed if a plaintiff fails to state a claim for relief). The complaint need

---

[3] See Doc. 1, Complaint, p. 4.

not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Although Ms. Jones claims that her claim arises under the Privacy Act of 1974, that act protects from disclosure personal information held by agencies of the federal government. See 5 U.S.C. § 552a(b).[4] It does not appear to have any application to the present facts. And, even if the court were to assume that a federal employee deposited an insufficient check into Ms. Jones' account in March 2012, that fact does not support a cause of action arising under a federal statute against the credit union.[5] Finally, Ms. Jones' complaints with respect to the non-negotiable sweepstakes checks are frivolous.

---

[4] 5 U.S.C. § 552a(b) states in pertinent part: "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure [is authorized by the following subsections].

[5] It does not appear that the court would have diversity jurisdiction over the parties. Plaintiff is a Texas resident and Defendant's principal place of business appears to be in Harris County, Texas. See 28 U.S.C. § 1332(c)(1)(stating that a corporation is a citizen of the state in which it was incorporated and the state where it has its principal place of business).

In light of the foregoing, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim for relief.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 10th day of October, 2012.

Nancy K. Johnson
United States Magistrate Judge